IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | :     CIVIL NO. 1:11-CV-1195 |
| Plaintiff | : |
| | : |
| v. | :     JUDGE SYLVIA H. RAMBO |
| | : |
| KINGSWAY AMERICA AGENCY, INC., f/k/a AVALON RISK MANAGEMENT, INC.; GLOBAL SOLUTIONS INSURANCE SERVICES, INC.; EAST-WEST ASSOCIATES, INC.; GARY C. BHOJWANI; and SCOTT D. WOLLNEY, | : |
| Defendants | : |

# M E M O R A N D U M

In this civil action involving the alleged improper issuance of United States custom bonds, Plaintiff, Lincoln General Insurance Company, has sued Defendants Kingsway America Agency, Inc., f/k/a Avalon Risk Management, Inc. ("Avalon"), Global Solutions Insurance Services, Inc. ("GSIS"), East-West Associates, Inc. ("East-West"), and two individuals, Gary C. Bhojwani ("Bhojwani") and Scott D. Wollney ("Wollney"), in their individual capacities (collectively "Individual Defendants"), both of whom were allegedly officers of Avalon during the time relevant to the events giving rise to this action. Presently before the court is Plaintiff's motion for leave to amend its complaint and to voluntarily dismiss the Individual Defendants, which was opposed, in part, by Defendants Avalon, GSIS, and East-West. For the reasons stated herein, the court will grant in part and deny in part Plaintiff's motion.

## I.        Background

The facts underlying this action have been previously set forth by this court, and for the present purposes, a brief overview of the history of the matter is sufficient.[1]  On June 23, 2011, Plaintiff initiated this action by filing a complaint. (Doc. 1.)  Over the course of the following months, Defendants filed motions to dismiss (Docs. 11 (by Avalon), 12 (by Bhojwani), 13 (by Wollney), 19 (by GSIS), and 38 (by East-West)), which were opposed by Plaintiff (Doc. 40).  Following full briefing on the issue, the court addressed the Defendants' motions collectively, and entered a memorandum and order on May 7, 2012, which granted in part and denied in part the motions.  (Doc. 45.)  Concluding that "Plaintiff ha[d] properly pleaded claims of breach of contract and breach of fiduciary duty . . . within the applicable four and two-year statute of limitations," the May 7, 2012 order denied the motions to dismiss as to Counts I through IV, but granted the motions as to the declaratory judgment action asserted at Count V due to the court's finding that the claim was premature.  (Doc. 45 at p. 17 of 20.)  The court acknowledged the possibility that facts may "arise which make Plaintiff's claim for declaratory relief real and substantive," and at that time, Plaintiff would be "permitted to re-seek relief with this court."  (Doc. 45 at p. 18 of 20.)  Thereafter, each Defendant filed an answer to the complaint.  (Docs. 22 (by East-West), 49 (by Avalon, Bhojwani, and Wollney), and 51 (by GSIS).)

On September 7, 2012, Plaintiff filed the instant motion for leave to amend its complaint and to voluntarily dismiss the Individual Defendants.  (Doc. 62.)

_____

[1]  The underlying factual background relevant to this action has been set forth previously in this court's May 7, 2012 memorandum.  (*See* Doc. 45, *available at Lincoln Gen. Ins. Co. v. Kingsway Am. Agency*, Civil No. 2011-cv-1195, 2012 WL 1598120 (M.D. Pa. May 7, 2012).)

In the proposed amended complaint, attached to the motion, Plaintiff, *inter alia*, reasserted at Count IV the declaratory judgment action that the court had previously dismissed from Count V of the original complaint as premature.[2] (*See* Doc. 62-4 at ¶¶ 90-95.) In support, Plaintiff attached and referred to several complaints filed by the Department of Justice ("DOJ"), in which it was named a defendant in connection to the customs bonds that allegedly had been issued improperly ("DOJ action"), and averred that the filing of the DOJ complaints caused the declaratory judgment action to become ripe. (Doc. 63 at p. 13 of 20 ("[The pending DOJ lawsuits] make Count V for declaratory judgment ripe for adjudication").) Additionally, the proposed amended complaint removes certain references to the Individual Defendants, does not name either Bhojwani or Wollney as defendants to any claim, and includes direct references to the DOJ complaints in its claims for breaches of fiduciary duties asserted at Count II (against Avalon) and Count III (against East-West and GSIS).

Defendants Avalon, East-West, and GSIS each filed a response to Plaintiff's motion. (Docs. 64 (by Avalon), 65 (by East-West), and 66 (by GSIS).) Each response took the position that the court should not grant Plaintiff leave to file an amended complaint; however, the briefs failed to clearly address whether the Individual Defendants should be voluntarily dismissed from the action. Accordingly, on November 1, 2012, the court entered an order directing any interested party to show cause why the Individual Defendants should not be dismissed from the matter. (Doc. 75.) In response, Avalon filed a brief in support of dismissal of the Individual Defendants with prejudice on November 15, 2012. (Doc.

---

[2] The declaratory judgment cause of action is asserted at Count IV in the amended complaint. In the original complaint, the declaratory judgment action had been asserted at Count V.

76.) Plaintiff responded on November 16, 2012, and took the position that the dismissal should be without prejudice. (Doc. 77.) On November 19, 2012, the Individual Defendants filed a joint response requesting dismissal with prejudice. (Doc. 78.) Neither East-West nor GSIS filed a response clarifying their positions on the dismissal issue. In short, although no party opposes dismissal of the Individual Defendants, the parties disagree as to whether the dismissal should be with prejudice. As the time for responding has passed, this issue is now ripe for disposition.

Regarding the portion of Plaintiff's motion seeking leave to amend, Defendants Avalon, East-West, and GSIS each argued that the court should reject Count IV of the amended complaint on the basis of futility. Specifically, Avalon argued that permitting Plaintiff to include a claim for declaratory relief is futile because "the underlying claims associated with it are time-barred." (Doc. 64-1 at p. 17 of 19.) East-West argued that Count IV is futile because "it does not demonstrate any immediacy or probability of future payment" and thus is "merely speculative." (Doc. 65 at p. 5 of 8.) Similarly, GSIS argued that Count IV is futile because "the fundamental character of the proposed claim for declaratory relief is unchanged . . . in that [the DOJ lawsuits] are *still pending* at this time, [Plaintiff] has denied liability in those cases, [Plaintiff's] liability has yet to be judicially determined, and [Plaintiff] has yet to incur any losses in those cases by issuing payment under the bonds" which is a "prerequisite" to the accrual of a cause of action for indemnification. (Doc. 66 at p. 6 of 12 (emphasis in original).) In short, East-West and GSIS base their opposition to amendment in the lack of ripeness, and Avalon opposes amendment on the basis of the statute of limitations. Plaintiff filed a reply on October 8, 2012 (Doc.

68), and Avalon filed a sur-reply on October 19, 2012 (Doc. 74). Thus, this issue is now ripe for disposition.

The court will first address the portion of Plaintiff's motion pertaining to its request for leave to amend its complaint before turning to whether the dismissal of the Individual Defendants will be with prejudice.

**II.    Plaintiff's Motion for Leave To Amend Complaint**

Plaintiff attached its proposed amended complaint in compliance with Local Rule 15.1, as well as a "red-lined" copy highlighting the differences between the original and amended complaints. In addition to incorporating references to the DOJ complaints in certain factual allegations and removing claims against the Individual Defendants, Plaintiff reasserts a claim for declaratory judgment which is nearly identical to the declaratory judgment claim that was previously dismissed by this court as unripe.

**A.    Legal Standard for a Motion To Amend**

Initially, the court notes a distinction between amending and supplementing a pleading: "*Amending* a pleading involves *entirely replacing the earlier pleading* with a new pleading containing matters that occurred *prior* to the filing of the original pleading, while *supplementing* a pleading involves *merely adding* to the original pleading events occurring *subsequent* to the earlier pleading." *Inmates of Northumberland Cnty. Prison v. Reish*, Civil No. 2008-cv-0345, 2009 WL 8670860, *4 (M.D. Pa. Mar. 17, 2009) (emphasis in original) (citing 6A Wright, et al., Federal Practice and Procedure § 1504 (3d ed. 2004)). Here, comparing the original and amended complaints, Plaintiff seeks to both amend and supplement its

original complaint.  Specifically, the amended complaint inserts changes and additions to certain factual averments set forth at the first three counts of the original complaint concerning events that occurred both prior and subsequent to the filing of the original complaint.  Count IV of the original complaint is eliminated in its entirety from the amended complaint.  Significant to the matter *sub judice*, the amended complaint re-pleads and supplements the declaratory judgment action in the original complaint by including new information concerning the DOJ complaints which were filed subsequent to the filing of the original complaint.

Rule 15 of the Federal Rules of Civil Procedure sets forth the rules governing amended and supplemental pleadings, and provides that, if more than 21 days has elapsed after a defendant has served a motion to dismiss under Rule 12(b), a party may amend its pleading only with leave of court or with the opposing party's written consent.  Fed. R. Civ. P. 15.[3]  In the instant matter, Plaintiff must obtain leave

---

[3] Federal Rule of Civil Procedure 15 contains the rules for amending and supplementing pleadings and provides, in pertinent part, as follows:

(a) **Amendment Before Trial**

    (1) *Amendment as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

          \*         \*         \*

(d) **Supplemental Pleadings**.  On motion and reasonable notice, the court

(continued...)

of court because the opposing parties have not given such consent, and more than 21 days have elapsed since the motions to dismiss were filed. *See* Fed. R. Civ. P. 15(a) & (d). Moreover, although Rule 15(a) and (d) have different functions and utilize different wording,[4] the differences in wording are "semantic only," and "courts in the Third Circuit generally apply the Rule 15(a) standard to Rule 15(d) motions and liberally grant leave to supplement." *Hankin Family P'ship v. Upper Merion Twp.*, Civil No. 2001-cv-1622, 2012 WL 43599, *9 (E.D. Pa. Jan. 6, 2012) (citing *CMR D.N. Corp. v. City of Phila.*, Civil No. 2007-cv-1045, 2011 WL 857294, *4 (E.D. Pa. Mar. 11, 2011); *Tormasi v. Hayman*, Civil No. 2009-cv-2330, 2010 WL 1878961, *2 (D.N.J. May 10, 2010); *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001); *Epstein v. Twp. of Whitehall*, Civil No. 1988-cv-0534, 1989 WL 73741, *4 (E.D. Pa. June 29, 1989)). Thus, the applicable standard is "essentially the same" regardless of whether the proposed amended complaint is treated as an amended or supplemental pleading. *Medeva*, 201 F.R.D. at 104 n. 3 (citing *Epstein*, 1989 WL 73741 at *2).

However, "[t]he policy favoring liberal amendment of pleadings is not … unbounded." *Kearney v. JPC Equestrian, Inc.*, Civil No. 2011-cv-1419, 2012

---

(...continued)
> may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

[4] As the court noted in *Hankin Family P'ship v. Upper Merion Twp.*, Civil No. 2001-cv-1622, 2012 WL 43599, *9 (E.D. Pa. Jan. 6, 2012), "Rule 15(a) expressly provides that leave to amend should be freely given by a court. Rule 15(d) states instead that, 'on just terms' a court 'may' grant leave to supplement."

WL 5247322, *4 (M.D. Pa. Oct. 23, 2012) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).  Although the decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court, *Forman v. Davis*, 371 U.S. 178, 182 (1962), a district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Diaz v. Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

In this context, for a proposed amendment to be futile, "the complaint – as amended – must fail to state a claim upon which relief could be granted." *Id.* at 216.  Futility of amendment may only serve as a basis for denial of leave to amend where "the proposed amendment is 'frivolous or advances a claim that is legally insufficient on its face.'" *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citing 6 Wright, et al. Federal Practice and Procedure § 1487 (2d ed. 1990)).  Amendment of the complaint is futile if the amended complaint "cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)) (holding that the district court did not abuse its discretion in denying motion to amend based on futility of amendment because proposed claim was barred by the statute of limitations).  Thus, in determining whether a claim would be futile, "the district court applies [to the proposed amendments] the same standard of legal sufficiency as applie[d] under Federal Rule of Civil Procedure 12(b)(6)." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594

F.3d 238, 243 (3d Cir. 2010) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) ("Futility of an amendment is shown when the claim . . . is not accompanied by a showing of plausibility sufficient to present a triable issue.").

Rule 12(b)(6) of the Federal Rules of Civil Procedure, in turn, provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a complaint fails to state a claim upon which relief can be granted, the court "must accept all of the complaint's well-pleaded facts as true," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court need not credit a complaint's bald assertions and may "disregard any legal conclusions" when deciding a motion to dismiss. *Fowler*, 578 F.3d at 210-11.

Through this lens, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 (2007)).  In addressing a Rule 12(b)(6) motion, the court is limited in its review to a few basic documents: the complaint, exhibits attached thereto, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Williams v. BASF Catalysts LLC*, Civil No. 2011-cv-1754, 2012 WL 6204182, *6 (D.N.J. Dec. 12, 2012) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## B.  Discussion[5]

Although each Defendant opposes amendment on the basis of futility, the arguments relied on in support of their opposition varies: Avalon's opposition to Plaintiff's proposed amendments are based upon its contention that the statute of limitations has expired.  East-West and GSIS argue futility based upon their contention that a declaratory judgment action is not yet ripe.  The two separate arguments will be addressed *ad seriatim*.

### 1.  Statute of Limitations

Avalon opposes the proposed amendments on the basis of futility, arguing that the DOJ complaints "clearly reveal" that Plaintiff was "aware of its exposure and the alleged breaches of contract and fiduciary duty" as early as 2004, and no later than April 17, 2007, the date on which Plaintiff was put on notice that it was exposed to liability by virtue of the liquidation of the customs bonds by the Commerce Department.  (Doc. 64-1 at pp. 1, 15-16 of 19.)  Avalon reasons that Plaintiff's initial complaint was not filed until June 23, 2011, more than four years

---

[5] Jurisdiction over the instant action is based on diversity of citizenship, *see* 28 U.S.C. § 1332, which in this case requires the court to apply Pennsylvania law to the parties' substantive claims, including the statutes of limitations applicable thereto.  *See Norfolk S. Ry. Co. v. Basell USA, Inc.*, 512 F.3d 86, 91-92 (3d Cir. 2008).

after April 17, 2007, and thus any claim seeking damages arising from the issuance of bonds that are the subject of the DOJ action is barred by the applicable statute of limitations.  (*Id*. at p. 1 of 19.)  Contending that such a bar is apparent from the face of the amended complaint and the attachments thereto, Avalon urges the court to find that Plaintiff knew or should have known of its claims arising from the alleged improper issuances of bonds more than four years ago, which is beyond the limitations periods, and consequently conclude that the proposed amended complaint would not survive a motion to dismiss and would thus be futile.

### a.  <u>Statute of limitations raised in motion to dismiss</u>

The Federal Rules of Civil Procedure indicate that a statute of limitations defense generally cannot be used in the context of a Rule 12(b)(6) motion.[6]  *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion.").  However, it is well-established that an exception may be made where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  *Fidelity Nat. Title Ins. Co. v. Craven*, Civil No. 2012-cv-4306, 2012 WL 5881856, *5 (E.D. Pa. Nov. 21, 2012) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)).  A court may not dismiss a claim on a Rule 12 motion "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period."  *Id*. (citing *Robinson*, 313 F.3d at 135); *see also Jaramillo v. Experian Info. Solutions, Inc.*, 155

---

[6] Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . ."  The defenses listed in Rule 12(b) do not include statutes of limitations defenses.

F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that for a Rule 12 dismissal of a claim as time-barred, noncompliance with limitations period must clearly appear on the face of the pleading).

### b. **Applicable statutes of limitations**

As set forth in this court's May 7, 2012 memorandum, the limitations period for each of the counts is either two or four years. A claim for breach of contract is subject to a four-year limitations period. 42 Pa. Cons. Stat. Ann. § 5525(a)(8); *accord Lutz v. Philips Elec. N. Am. Corp.*, 347 F. App'x 773, 776 (3d Cir. 2009); *Benyamini v. St. Clair Real Estate Dev. Co.*, Civil No. 2009-cv-0375, 2010 WL 1137936, *4 (M.D. Pa. Mar. 19, 2010). Claims for indemnity, because of their "contractual nature," are also subject to a four-year limitations period. *See Gen. Motors Corp. v. Emerson Elec. Co.*, Civil No. 1985-cv-5259, 1986 WL 2459, *1 (E.D. Pa. Feb. 20, 1986) (citing *Thermo King Corp. v. Strick Corp.*, 467 F. Supp. 75, 77 (W.D. Pa. 1979)); *see also Lincoln Gen. Ins. Co. v. Kingsway Am. Agency*, Civil No. 2011-cv-1127, 2012 WL 1701984 (M.D. Pa. May 17, 2012). A two-year limitations period applies to a claim for breach of fiduciary duty. 42 Pa. Cons. Stat. Ann. § 5524(7); *accord Riggs v. AHP Settlement Trust*, 421 F. App'x 136, 138 n. 2 (3d Cir. 2011); *Weis-Buy Serv., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005).

Pennsylvania statutory law provides that "[t]he time within which a matter must be commenced under this chapter shall be computed . . . from the time the cause of action accrued." 42 Pa. Cons. Stat. Ann. § 5502(a). A cause of action "accrues" when "the plaintiff could have first maintained the action to a successful conclusion." *City of Phila. v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 121 (3d Cir. 1993); *Larsen v. State Emp. Ret. Sys.*, 553 F. Supp. 2d 403, 416 (M.D. Pa. 2008). In

general, an action based on contract accrues at the time of breach. *See Computer Support, Inc. v. Rocking T, Inc.*, Civ. No. 2008-cv-1672, 2011 WL 239809, \*7 (M.D. Pa. Jan. 24, 2011) (citing *Packer Soc'y Hill Travel Agency, Inc. v. Presbyterian Univ. of Pa. Med. Ctr.*, 635 A.2d 649, 652 (Pa. Super. Ct. 1993); *see also Lincoln Gen. Ins. Co. v. Kingsway Am. Agency, Inc.*, Civil No. 2011-cv-1127, 2012 WL 1801984, \*5 (M.D. Pa. May 17, 2012) (citing *Sadtler v. Jackson-Cross Co.*, 587 A.2d 727, 731 (Pa. Super. Ct. 1991)) ("Generally, an action founded on a contract accrues when the contract is breached.").

Pennsylvania law recognizes that "in some circumstances, although the right to institute a suit may arise, a party may not, despite the exercise of diligence, reasonably discover that he has been injured." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 366 (E.D. Pa. 2009) (citing *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000)); *see also Harry Miller Corp. v. Mancuso Chem. Ltd.*, 469 F. Supp. 2d 303, 312 (E.D. Pa. 2007) (quoting *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006)).  In these cases, the "discovery rule" tolls the running of the statute of limitations until the point where the plaintiff knows or reasonably should know that: (1) he has been injured; and (2) his injury has been caused by another party's conduct.  *Cooney v. Booth*, 210 F. App'x 213, 218 (3d Cir. 2007) (quoting *Pearce v. Salvation Army*, 674 A.2d 1123 (Pa. Super. Ct. 1996)); *see also Cyclops Indus.*, 745 A.2d at 611.

The focus of the discovery rule inquiry centers upon "an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others." *Robinson v. Lowe's Home Ctrs., Inc.*, Civil No. 2006-cv-4403, 2007 WL 2739187, \*2 (E.D. Pa. Sept. 19, 2007) (quoting *Revell v. Port Auth. of N.Y.*

& *N.J.*, Civil No. 2006-cv-0402, 2007 WL 2462627, *4 n.4 (D.N.J. Aug. 27, 2007)). A court presented with an assertion that the discovery rule is applicable, "must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury." *Knopick v. Connelly*, 639 F.3d 600, 607 (3d Cir. 2011) (quoting *Foulke v. Dugan*, 187 F. Supp. 2d 253, 258-59 (E.D. Pa. 2002)).

### c. <u>Analysis</u>

As the basis of its opposition to Plaintiff's motion to amend, Avalon contends that the six DOJ complaints demonstrate that the accrual period for the statute of limitations on each of Plaintiff's claims commenced, at the latest, when the bonds were liquidated on April 17, 2007, as that is the point Plaintiff should have known about the Defendants' actions and could have maintained an action to a successful conclusion. (Doc. 64-1 at p. 11 of 19.) Thus, Avalon reasons, the applicable limitations period began to run no later than April 17, 2007, and would have expired on April 17, 2009, for Plaintiff's breach of fiduciary duty claim and April 17, 2011, for Plaintiff's claims for breach of contract and indemnity. (*Id.* at p. 18 of 19.) Plaintiff responds by arguing that it was unable to bring an action until, at the earliest, September 2010, following its payment of $100,000.00 on a bond, and therefore all claims are timely and properly before this court. (Doc. 68 at pp. 14, 18-19 of 27.)

Viewing the proposed amended complaint in the light most favorable to Plaintiff, the court cannot conclude that it is "clear on the face of the complaint"

when Plaintiff knew or should have known about the alleged unlawful behavior of Defendants. The allegations contained in the DOJ complaints have yet to be adjudicated, are contested by Plaintiff, and fail to offer certainty as to when Plaintiff's claims accrued. Thus, the attachment of and reference to the DOJ complaints do not change the court's holding regarding the statute of limitations set forth previously in the May 7, 2012 memorandum. (Doc. 45 at p. 11 of 20.) While discovery may ultimately reveal that the claims are time-barred by the relevant limitations periods and Avalon's statute of limitations argument may eventually result in a dismissal, a Rule 12 standard applicable to a futility of amendment argument is not the proper avenue for denying amendment when it is not apparent from the face of the proposed amended complaint that any of Plaintiff's claims are time-barred.

## 2. Justiciability of Proposed Count IV

In Count IV of the proposed amended complaint, Plaintiff reasserts its claim for declaratory judgment, and requests the following declarations:

(a) a Declaration that Avalon breached the Agency Agreement and the 2003 PMA;

(b) a Declaration that the issuance of the Bonds constitutes an unauthorized use of the power of attorney afforded by LGIC to Avalon under the Power of Attorney Use Agreement;

(c) a Declaration that Avalon, GSIS and East-West breached their fiduciary duties to LGIC when they

solicited, underwrote, facilitated, and/or issued the
Bonds;

(d)     a Declaration that Defendants must indemnify LGIC
for any and all amounts LGIC becomes legally liable
to pay as a result of the Bonds, including attorney's
fees, costs and interest; and

(e)     such further and other relief as the Court deems
necessary and appropriate, including, if deemed
appropriate, an order apportioning responsibility
between Avalon, GSIS and East-West, attorneys'
fees, costs and interest.

(Doc. 62-4 at p. 22 of 23.)  As Plaintiff clarifies in its reply, it seeks contractual
indemnity against Avalon, and common law indemnity against Avalon, East-West,
and GSIS to the extent that any loss incurred resulted from their respective breaches
of fiduciary duty.  (Doc. 68 at pp. 8, 22 of 27.)  The relief requested in the
declaratory action asserted in the proposed amended complaint is nearly identical to
that previously dismissed as premature by the court in the May 7, 2012 order.
(*Compare* Doc. 1 at p. 18 of 19 *with* Doc. 62-4 at p. 22 of 23.)

As the basis of their opposition to Plaintiff's motion, both East-West
and GSIS contend that Plaintiff should not be permitted to amend its complaint to
assert a declaratory judgment action because such amendment would be futile, as the

proposed declaratory judgment action is not yet ripe, and thus could not survive a motion to dismiss. East-West and GSIS argue that the six DOJ complaints do not make Plaintiff's request for a declaration on the Defendants' obligations to indemnify significantly less speculative than it was when asserted in the original complaint. Plaintiff responds that its attachment of and reference to the six DOJ lawsuits filed in the Court of International Trade "properly ple[ads] the 'probability or immediacy of a future event occurring' sufficient to state a claim upon which declaratory relief may be granted." (Doc. 68 at p. 11 of 27.) Plaintiff reasons that it "seeks a declaration as to the parties' liability to each other vis-à-vis the bonds that are subject to the DOJ lawsuits," which is a claim that does not require it to suffer complete harm before it is pursued. (*Id.* at p. 12 of 27.)

### a. Ripeness Standard

Proposed Count IV is brought pursuant to the Declaratory Judgment Act, which provides, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). Thus, "[t]he existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462

(3d Cir. 1994)); *see also Victoria Ins. Co. v. Mincin Insulations Servs., Inc.*, Civil No. 2008-cv-0909, 2009 WL 90644, *3 (W.D. Pa. Jan. 14, 2009). Ripeness is a component of the case or controversy requirement, and determines "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (citing *Peachlum*, 333 F.3d at 433)). Ripeness is a matter of degree whose "threshold is notoriously hard to pinpoint," especially in declaratory judgment actions "because declaratory judgments are typically sought before a completed injury has occurred." *Id.* (quoting *Pic-A-State Pa, Inc. v. Reno*, 76 F.3d 1294, 1298 (3d Cir. 1996)); *see also Warner Cable Commc'ns, Inc. v. Borough of Schuylkill Haven*, 784 F. Supp. 203, 206 (E.D. Pa. 1992) ("While the Declaratory Judgment Act allows a court to issue a judgment before an 'accomplished' injury can be established, [the court is] still limited by the Constitution to deciding cases where an actual case or controversy exists.").

In the context of ripeness in declaratory judgment actions, the Third Circuit has provided a non-exhaustive three-part inquiry useful in determining the ripeness of the claims in a case: (1) whether the parties' interests are sufficiently adverse; (2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and (3) whether the decision will render practical help or utility to the parties. *N.Y. Shipping Ass'n v. Waterfront Comm'n of N.Y. Harbor*, 460 F. App'x 187, 189 (citing *Pic-A-State, Pa.*, 76 F.3d at 1298 (applying the ripeness framework set forth in *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912

F.2d 643, 647 (3d Cir. 1990)); *see also Am. States Ins. Co. v. Component Tech., Inc.*, 420 F. Supp. 2d 373, 375 (M.D. Pa. 2005).

### b. Analysis

Applying the *Step-Saver* framework, the court concludes that it would be premature at this time for the court to grant a declaration that "Defendants must indemnify [Plaintiff] for any and all amounts [Plaintiff] becomes legally liable to pay as a result of the issuance of the [b]onds. (Doc. 62-4 at p. 22 of 23.) Accordingly, based on the following analysis, Plaintiff's action for a declaratory judgment is not justiciable and Plaintiff's inclusion of Count IV in its proposed amended complaint would be futile.

### i. Adversity of Interests

The first factor to be considered is whether the parties have sufficiently adverse interests. *Step-Saver*, 912 F.2d at 648 (quoting 10A Wright, et al., <u>Federal Practice and Procedure</u> § 2757 (2d ed. 1983)) ("[T]he defendant must be so situated that the parties have adverse legal interests."). A plaintiff need not suffer a completed harm to establish adversity of interest between the parties for ripeness purposes. *See Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992) (citing *Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983)). However, "[w]here the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." *Armstrong*, 961 F.2d at 411-12 (citing *Step-Saver*, 912 F.2d at 648).

19

At this point, the parties do not have sufficiently adverse interests, and the fact that the DOJ has filed complaints against Plaintiff does not change the court's prior holding that Plaintiff's request for a declaration on Defendants' duty to indemnify against loss is not ripe.[7] The DOJ action, wherein Plaintiff seeks indemnification, remains pending before the United States Court of International Trade. As no judgment has been awarded against Plaintiff in the DOJ action, no payments pursuant to any judgment have been made which would trigger Plaintiff's right, if any, to pursue a common law indemnity claim against Defendants, as the right to bring a common law claim for indemnification arises only after the party seeking indemnification actually suffers loss. *See, e.g., TDY Indus., Inc. v. Nat'l Freight Transp., Inc.*, Civil No. 2007-cv-0984, 2009 WL 691947, *12 (W.D. Pa. March 12, 2009); *Bowman v. Am. Homecare Supply, LLC*, Civil No. 2007-cv-3945, 2008 WL 4787558, *9 (E.D. Pa. Oct. 30, 2008) ("[A] claim for indemnification accrues when payment has been made to a third party."); *Transp. Ins. Co. v. Spring-Del Assocs.*, 159 F. Supp. 2d 836, 840 (E.D. Pa. 2001) (citing *Rubin Quinn Moss Heaney & Patterson, P.C. v. Kennel*, 832 F. Supp. 922, 934-35 (E.D. Pa. 1993); *Rivera v. Phila. Theological Seminary*, 507 A.2d 1, 14 (Pa. 1986); *McClure v. Deerland Corp.*, 585 A.2d 19, 23 (Pa. Super. Ct. 1991)) ("Under Pennsylvania law, a claim for indemnification does not fully accrue until payment is made."). An

---

[7] The court notes that Pennsylvania law distinguishes between indemnification against liability and against loss. An action for indemnity against loss accrues when the indemnitee suffers actual loss or damage. *See Coleman v. City of Bradford*, 204 A.2d 260, 261 (Pa. 1964). An action for indemnification against liability accrues when the liability becomes fixed and established. *Id.* As clarified in its reply, Plaintiff only seeks indemnity against loss. (Doc. 68 at p. 22 of 27.) Further, Plaintiff requests a declaration that Defendants have a duty to *indemnify*, not a duty to *defend.* The duty to defend is significantly broader than the duty to indemnify, and is not contingent on the imposition of liability.

affirmative finding by the Court of International Trade as to Plaintiff's liability is a precursor to a claim for indemnification from Defendants. Thus, Defendants' duty to indemnify against loss is completely contingent upon the finding of liability in the DOJ action and exposure to loss that Plaintiff may consequently suffer. As a result of this contingency, the parties are not sufficiently adverse at this time; rather, the parties' current interests, in some respects, can be considered aligned. Accordingly, the parties' present interests do not support a conclusion that Plaintiff's requested declaratory judgment is ripe.

### ii. **Conclusiveness**

Likewise, a declaratory judgment on the existence or non-existence of Defendants' duty to indemnify Plaintiff for losses it incurs as a result of the bonds, before resolution of the DOJ actions, would not be conclusive. Under the conclusiveness factor, the court must consider "[w]hether issues are purely legal (as against factual)" and "[w]hether further factual development would be useful." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 342 n. 9 (3d Cir. 2001) (citing *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155-56 (3d Cir. 1995)). Ultimately, this factor seeks to determine "whether a declaratory judgment definitively would decide the parties' rights." *Id*. at 344 (citing *Step-Saver*, 912 F.2d at 648).

The existence of a contract and, if necessary, the construction and/or interpretation of the same is clearly a legal issue that may be properly resolved by a court. *See Invensys, Inc. v. Am. Mfg. Corp.*, Civil No. 2004-cv-3744, 2005 WL 600297, *3-4 (E.D. Pa. Mar. 15, 2005) ("Under Pennsylvania law, the construction of an indemnity contract is a question of law for the court to decide."). However,

neither the existence of a contract nor the interpretation thereof are issues implicated in the proposed declaratory judgment action. Instead, Plaintiff requests a declaration that Defendants must indemnify Plaintiff for any losses incurred as a result of the Defendants' "respective breaches of fiduciary duty." (Doc. 68 at p. 22 of 27.)

The court finds that any declaration of rights regarding Plaintiff's common law indemnity claims would not meet the requirements of the conclusiveness factor because further factual development is necessary for a declaratory judgment. For example, a determination of Plaintiff's liability, if any, in the underlying DOJ action, is necessary for the resolution of Plaintiff's indemnification claim. To date, no such determination has been made. Moreover, any declaratory judgment would not definitively decide the parties' rights as to the asserted common law claims. Accordingly, a declaratory judgment would not be conclusive to the matter, and weighs against a finding that the claim is ripe.

### iii. Practical Utility to the Parties

Finally, the court concludes that the third factor, the usefulness of the judgment, also weighs against a finding that the declaratory judgement action is ripe. The practical utility factor involves a determination of "whether the parties' plans of actions are likely to be affected by a declaratory judgment," *Step-Saver*, 912 F.2d at 649 n. 9, and the "[h]ardship to the parties of withholding decision," *NE Hub*, 239 F.3d at 342 n. 9 (citing *Travelers Ins. Co.*, 72 F.3d at 1155-56). In addition, if the claim involves uncertain and contingent events, the utility of a judgment on the claim is also contingent. *See id.*

Since a declaratory judgment on the duty to indemnify will be contingent on the outcome of the underlying DOJ action, the declaratory judgment's

utility is also contingent. Plaintiff contests liability in the underlying DOJ action, a position it would take regardless of whether Defendants have a duty to indemnify. The court's judgment regarding Count IV may be of no utility at all in the event that the underlying DOJ complaints are dismissed or the Plaintiff obtains an otherwise favorable result. Therefore, granting the requested declaratory judgment on Plaintiff's indemnification claims would have little practical utility on the parties at this time. Indeed, the parties' plans of action would not be altered, but would remain the same, as all parties would be required to await the resolution of the underlying DOJ action for any determination to be final. Accordingly, at this time, any declaration as to the obligation of Defendant to indemnify Plaintiff for "any and all amounts [Plaintiff] becomes legally liable to pay as a result of the [b]onds" would serve little utility to the parties, and weighs against a finding that proposed Count IV is ripe.

### c. Conclusion as to Ripeness

Based on the foregoing, the court finds that the DOJ's filing of the six complaints does not make ripe Plaintiff's action for a declaratory judgment to the extent that Plaintiff seeks a declaration as to Defendants' duties to indemnify Plaintiff for any and all amounts that Plaintiff may become legally liable to pay as a result of the alleged breaches of fiduciary duties. (Doc. 62-4 at p. 22 of 23.) While the court cannot conclude that the attachment of and reference to the six DOJ complaints for the purpose of supplementing the factual basis of the claims asserted at Counts I-III of the proposed amended complaint is improper, amendment of the complaint to reassert the declaratory judgment action dismissed previously by the court would be futile, because the claim remains premature.

## C. Conclusion as to Leave to Amend

Plaintiff's noncompliance with the applicable limitations periods is not clear from the face of the proposed amended complaint, and therefore, the court cannot determine that amendment of the complaint would be futile due to expiration of the limitations period. However, the DOJ's filing of the six complaints do not make ripe Plaintiff's action for a declaratory judgment to the extent Plaintiff seeks a declaration as to Defendants' duties to indemnify Plaintiff for any and all amounts that Plaintiff may become legally liable to pay as a result of the alleged breaches of fiduciary duties, and thus, amendment of the complaint to include the proposed claim for declaratory judgment would be futile. Accordingly, Plaintiff's motion to amend will be granted to the extent it seeks to attach and reference the six DOJ complaints to supplement its pleading, but will be denied to the extent it seeks to amend the complaint to assert the declaratory judgment claim set forth in proposed Count IV.[8]

## III.    Dismissal of the Individual Defendants

Having determined that Count IV of Plaintiff's proposed amended complaint remains premature and is thus futile, the court will next address the portion of Plaintiff's motion which seeks to voluntarily dismiss the Individual Defendants from the action. As previously stated, the court notes that all parties agree that dismissal of the Individual Defendants from this matter is proper. Therefore, the only contested issue is whether the Individual Defendants should be dismissed with prejudice.

---

[8]   Because the court concludes the declaratory judgment action remains premature, it does not reach East-West's additional argument that Plaintiff's motion should be denied on the basis of a undue delay and prejudice.

Avalon argues that the Individual Defendants must be dismissed with prejudice because "any effort by any party to continue to maintain its claims against [the Individual Defendants] must be rejected as ultimately futile." (Doc. 76 at pp. 5-6 of 7.) Similarly, the Individual Defendants filed a response requesting dismissal with prejudice on the basis that the amended complaint will replace the original complaint and dismiss all claims against either Bhojwani or Wollney, and that, should Plaintiff attempt to assert a claim against the Individual Defendants in the future, such a claim would be barred by the applicable statute of limitations. (Doc. 78 at p. 2 of 2.) Thus, the Individual Defendants argue that any dismissal would effectively be with prejudice. (*See id*.) Although Plaintiff explains that its motivation in voluntarily dismissing the Individual Defendants is "to streamline the proceedings and avoid unnecessary costs," it maintains its position that the dismissal of the Individual Defendants be without prejudice. (Doc. 79 at p. 1 of 4.) For the following reasons, the Individual Defendants will be dismissed from this action without prejudice.

### A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 41 addresses the dismissal of actions and provides as follows:

(a)   **Voluntary Dismissal**.

(1)  ***By the Plaintiff***.

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable

federal statute, the plaintiff may dismiss an action without court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) **By Court Order; Effect**.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Due to the procedural posture of this action, Rule 41(a)(1) is unavailable because each Defendant's answer preceded the filing of Plaintiff's instant motion,

and thus foreclosed the possibility of dismissal without court order. Furthermore, a stipulation of dismissal was never filed by the parties. Consequently, a court order is required to effectuate the voluntary dismissal of the Individual Defendants.

The main purpose of the requirement for court approval is to prevent a voluntary dismissal that unfairly affects the rights of a defendant. *See Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987) (quoting *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982)). The decision whether to grant a motion for voluntary dismissal under Rule 41 is within the sound discretion of the court, *see In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004) (citing *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974)), and it is well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to the defendant to allow the plaintiff to re-file the action, *see Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D. Pa. 1995). Generally, "[d]ismissals without prejudice . . . should be granted by the district court if no prejudicial effects would result for the opposing party." *See Forest Serv. Emps. for Envt'l Ethics v. U.S. Forest Serv.*, Civil No. 2008-cv-0323, 2009 WL 1324154, *3 (W.D. Pa. May 12, 2009). Factors to be considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to voluntary dismiss; and (5) the pendency of a dispositive motion by the non-moving party. *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (citing *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 25 (M.D. Pa. 1988)).

## B.  Discussion

There is no objection to the voluntary dismissal of the Individual Defendants.  Although this case was commenced in June, 2011, the instant motion was filed at the preliminary stage of the proceedings.  Furthermore, the parties have neither proceeded to discovery nor begun to prepare for trial,[9] and there are no pending dispositive motions.  Significantly, no party has asserted, and the court cannot otherwise conclude, that the remaining Defendants would suffer plain legal prejudice as a result of the Individual Defendants' dismissal from the action.  Of course, dismissal of the Individual Defendants will not terminate the instant action, and the court cannot find that the efforts expended by the remaining Defendants will be wasted if the Individual Defendants are dismissed.

To the extent that the arguments made by Avalon and the Individual Defendants, namely that the applicable statute of limitations would bar Plaintiff from reasserting a claim against the Individual Defendants, address the issue of prejudice in light of the possibility of duplicative litigation or excessive expense of any subsequent litigation, the court does not find such an argument convincing.  Any efforts expended thus far have been minimal, and any possible duplicative expenses the Individual Defendants may incur in defending a suit in the future are highly speculative.  As to the alleged futility of a future attempt by Plaintiff to reassert claims against the Individual Defendants, for the reasons set forth above, *see supra* Part II.B.1, at this early stage of the litigation, it is not clear from the face of the proposed amended complaint that the statute of limitations will act as a bar to

---

[9]  In its brief in support of the instant motion, Plaintiff states that Defendants were put on notice of Plaintiff's intention to file an amended complaint.  (Doc. 63 at Ex. B.)  Based upon an agreement of counsel, discovery was not commenced.  (*Id*. at p. 8 of 20.)

Plaintiff's claims.  Thus, at this time, the court cannot determine whether the limitations periods have expired for claims arising from the acts of the Individual Defendants, and consequently cannot conclude that any attempt to reassert a claim against the Individual Defendants would necessarily be futile.

### C.    Conclusion as to Voluntary Dismissal

For the foregoing reasons, the court cannot determine that the procedural posture or facts of this case require the Individual Defendants be dismissed with prejudice.  Accordingly, the Individual Defendants will be dismissed without prejudice from this action, pursuant to Rule 41(a)(2).

### IV.    Conclusion

The references to the six DOJ complaints within Plaintiff's proposed amended complaint supplement the fifty-nine factual allegations set forth in the original complaint with events occurring after the initial filing, and present a more complete factual picture.  Accordingly, Plaintiff shall be permitted to file an amended complaint, to which the DOJ complaints may be attached and referenced therein.  Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires, the court may deny leave to amend if the proposed amended complaint would not withstand a Rule 12 motion.  When viewed under the lens of a motion to dismiss, Plaintiff's noncompliance with the limitations period is not apparent on the face of the proposed amended complaint, and therefore, the court is unable to conclude at this point that the applicable statutes of limitation bar Plaintiff's claims.  However, the court does conclude that the DOJ's mere filing of the six complaints does not make ripe

Plaintiff's action for a declaratory judgment to the extent Plaintiff seeks a declaration as to Defendants' duties to indemnify Plaintiff for any and all amounts that Plaintiff may become legally liable to pay as a result of the alleged breaches of fiduciary duties.  Accordingly, Plaintiff's motion will be denied to the extent it seeks to reassert its claim for a declaratory judgment that was previously dismissed as unripe by the court.  Finally, all parties agree that dismissal of the Individual Defendants is appropriate.  Because, at this time, the court is unable to conclude that any claim asserted against the Individual Defendants would, on its face, necessarily be futile, dismissal with prejudice is not required.  Accordingly, the Individual Defendants will be dismissed from this action without prejudice.

An appropriate order will be entered.

s/Sylvia H. Rambo
United States District Judge

Dated:  January 18, 2013.